UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

JAMES GREGORY PARTIN                                            CASE NO. 13-53103
                                                                CHAPTER 7
DEBTOR

J. JAMES ROGAN, TRUSTEE FOR THE                                 PLAINTIFF
BANKRUPTCY ESTATE OF JAMES G. PARTIN

V.                                                              ADV. NO. 14-5015

U.S. BANK, N.A.                                                 DEFENDANT

MEMORANDUM OPINION

Plaintiff James Rogan, the chapter 7 trustee (the "Trustee"), seeks to avoid mortgages granted to the Defendant, U.S. Bank, N.A., by the Debtor, James G. Partin. [Doc. 1] The mortgages affect three different properties in Jessamine County, Kentucky. The Trustee argues that the mortgages were improperly recorded under Kentucky law and do not provide constructive notice. Therefore, the Trustee has priority over and may avoid the mortgages as a hypothetical lien creditor or bona fide purchaser pursuant to 11 U.S.C. §§ 544, 550 and 551.

The Defendant asserts the mortgages were properly recorded pursuant to the applicable Kentucky recording statute. Even if not properly recorded, the Defendant claims the mortgages provided constructive notice to the Trustee as a hypothetical lien creditor or bona fide purchaser.

Interpretation of the underlying Kentucky statute is guided by instructions from the Kentucky Supreme Court to interpret statutes giving them their plain meaning. A plain meaning interpretation requires a decision that the mortgages were not in recordable form when they were accepted by the Jessamine County Clerk. Therefore, the mortgages did not provide constructive notice to the Trustee as a hypothetical lien creditor or bona fide purchaser. The Defendant's

Motion for Judgment on the Pleadings fails and the matter will come on for a status conference to determine the best way to proceed to judgment.

I.    **Facts & Procedural History.**

There is no disagreement between the parties regarding the execution and recording of the three mortgages in Jessamine County, Kentucky. The mortgages are more particularly described as follows: (i) Mortgage dated November 14, 2005, and recorded December 10, 2005, in Mortgage Book 803, Page 90, covering property commonly known as 304 E. Brown St., Nicholasville, Kentucky 40356 ("Mortgage 1"); (ii) Mortgage dated November 2, 2005, and recorded December 28, 2005, in Mortgage Book 806, Page 560, covering property commonly known as 272 Gainesville Dr., Unit D, Nicholasville, Kentucky 40356 ("Mortgage 2"); and (iii) Mortgage dated May 17, 2006, and recorded June 13, 2006, in Mortgage Book 835, Page 462, covering property commonly known as 201 John Sutherland Dr., Nicholasville, Kentucky 40356 ("Mortgage 3"; collectively, Mortgage 1, Mortgage 2 and Mortgage 3 are referred to as the "Mortgages"). [Doc. 1, Exs. 3, 2 and 1, respectively]

The Mortgages were prepared using identical forms, modified by the insertion of information particular to the relevant transaction (*e.g.,* the property description, relevant dates, and transaction numbers). [Doc. 1, Exs. 1-3] Section 4, titled "Secured Debt and Future Advances," provided space to insert information describing the obligation secured by each Mortgage. [Doc. 1, Exs. 1-3] The form portion of Subsection 4(A) provides:

> Debt incurred under the terms of all promissory note(s), contract(s), guaranty(s) or other evidence of debt described below and all their extensions, renewals, modifications or substitutions. (When referencing the debts below it is suggested that you include items such as borrowers' names, note amounts, interest rates, maturity dates, etc.)

[Doc. 1, Exs. 1-3]

2

Despite the parenthetical suggestion, the Defendant only provided the maturity date to identify the obligations secured by each Mortgage. The Mortgages contained the following handwritten information in Section 4.A (except as noted):

> Mortgage 1: Maturity Date = 11-14-2035;
> Mortgage 2: [stamped: MATURITY DATE] 11-2-2025; and
> Mortgage 3: Mat Date 6/01/36.

[Doc. 1, Exs. 3, 2 and 1, respectively]

The Defendant initially filed this challenge as a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the Trustee had failed "to state a claim upon which relief can be granted." [Doc. 19] In a subsequent Agreed Order [Doc. 22], the parties agreed that the Motion is a request for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The Trustee filed his Response to the Motion [Doc. 27], and the Defendant filed its Reply [Doc. 29]. The Court heard oral argument on August 6, 2014, and took the matter under submission. This matter is now ripe for decision.

## II.    Standard for Judgment on the Pleadings.

The Defendant seeks judgment on the pleadings pursuant to Fed. R. Bankr. P. 7012, which incorporates Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007); *In re J & M Salupo Development Co.*, 388 B.R. 795, 802 (B.A.P. 6th Cir. 2008). While a court does not have to accept the truth of legal conclusions or unwarranted factual inferences, a court must otherwise treat the opposing party's well-pled material allegations in the pleadings as true. *JPMorgan Chase Bank*, 510 F.3d at 581.

**III.    Law & Analysis.**

The Trustee may use his strong-arm powers under § 544 to avoid interests in property of the Debtor that are avoidable by a hypothetical lien creditor or bona fide purchaser under relevant Kentucky law.  *See, e.g., Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1024 (6th Cir. 2001).  The Trustee may rely on his status as a hypothetical lien creditor or bona fide purchaser "without regard to any knowledge of the trustee or of any creditor."  11 U.S.C. § 544(a).  Accordingly, if any such party would prevail over the Defendant's Mortgages based on Kentucky law, the Trustee may pursue his claims.

The Trustee argues that the Defendant did not comply with Ky. Rev. Stat. § 382.330 because it failed to include the date of the underlying note, thus making the Mortgages improperly recorded.  The Defendant contends that the statute only requires information regarding the maturity to identify the underlying indebtedness.  If the Mortgages do not comply with Ky. Rev. Stat. § 382.330, the question then becomes whether the defective Mortgages nevertheless provide constructive notice to the Trustee because they were recorded anyway.

    **A.    The Mortgages Were Not in Recordable Form When Filed with the Jessamine County Clerk.**

        **1.    The Plain Language of Ky. Rev. Stat. § 382.330 Requires Both the Date and the Maturity of the Underlying Obligation for Recordable Instruments.**

As with any question of statutory interpretation, the words of the statute are always the starting point and "should also be the ending point if the plain meaning of that language is clear." *Thompson v. Greenwood,* 507 F.3d 416, 419 (6th Cir. 2007) (quoting *United States v. Boucha,* 236 F.3d 768, 774 (6th Cir. 2001)); *see also United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).  Ky. Rev. Stat. § 382.330 provides:

4

> **382.330 Instrument not to be recorded unless date of maturity shown; exception**
>
> No county clerk shall record a deed or deed of trust or mortgage covering real property by which the payment of any indebtedness is secured unless the deed or deed of trust or mortgage **states the date and the maturity of the obligations thereby secured which have been already issued or which are to be issued forthwith**. In the case of obligations due on demand, the requirement of stating the maturity thereof shall be satisfied by stating that such obligations are "due on demand."

KY. REV. STAT. § 382.330 (emphasis in text supplied).

"A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *United States v. Plavcak,* 411 F.3d 655, 660 (6th Cir. 2005) (*citing Perrin v. United States,* 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979)). "Thus, we are to ascertain the intention of the legislature from words used in enacting statutes rather than surmising what may have been intended but was not expressed." *Hall v. Hospitality Resources, Inc.*, 276 S.W.3d 775, 784 (Ky. 2008) (*quoting Stopher v. Conliffe,* 170 S.W.3d 307, 309 (Ky. 2005)) (internal quotation marks omitted).

The relevant part of Ky. Rev. Stat. § 382.330 requires that an instrument state "the date **and** the maturity" of the underlying debt obligation the mortgage secures. Using the words of the statute, a mortgage must state "the date … of the obligations thereby secured" and "the maturity of the obligations thereby secured." The Defendant asks, however, that the Court not only ignore the conjunction "and," but disregard the plain meaning of the words themselves. This is contrary to instructions from the Kentucky Supreme Court that "courts must interpret statutory provisions and give them effect according to their unambiguous language." *Trio Realty Co. v. Queenan*, 360 S.W.2d 747, 749 (Ky. 1962) (construing Ky. Rev. Stat. § 382.330).

5

The significance of the word "and" in Ky. Rev. Stat. § 382.330 is immediately apparent. When encountered in a statute, "and" is typically construed in its ordinary conjunctive sense. *See, e.g., OfficeMax Inc. v. U.S.*, 428 F.3d 583, 588-90 (6th Cir. 2005) (noting that "dictionary definitions, legal usage guides and case law compel us to start from the premise that 'and' usually does not mean 'or'"); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 116-25 (West 2012) (explaining the "Conjunctive/Disjunctive Canon"). Deviation from this rule (*i.e.*, changing "and" to "or"), only occurs when required "to effectuate the obvious intention of the Legislature and to accomplish the purpose or object of the statute." *Duncan v. Wiseman Baking Co.*, 357 S.W.2d 694, 698 (Ky. 1961). There is nothing to suggest that Ky. Rev. Stat. § 382.330 merits such unusual treatment.

Further, considering the first and second sentences of Ky. Rev. Stat. § 382.330 together reinforces the conclusion that the statute imposes dual requirements on filers. The Kentucky Supreme Court has noted that "in expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole and to its object and policy." *Democratic Party of Kentucky v. Graham*, 976 S.W.2d 423, 429 (Ky. 1998) (quoting *Wathen v. General Electric Co.,* 115 F.3d 400, 405 (6th Cir. 1997)).

The second sentence of the statute provides that "the requirement of stating the maturity" for obligations due on demand is satisfied by saying just that: "due on demand." KY. REV. STAT. § 382.330. The reference solely to the maturity plainly indicates that the maturity of a debt obligation is a standalone prerequisite to recordation. Likewise, then, the obligation to "state[] the date" of the "obligations thereby secured" in the prior sentence is a standalone obligation that remains a requirement for a due on demand note. Otherwise, the Kentucky legislature would have included both "the date and maturity" thereof in the second sentence.

The conclusion is that the plain language of Ky. Rev. Stat. § 382.330 requires the inclusion of both the date and maturity of the underlying debt obligation to make a mortgage recordable. The Mortgages do not include the date of the underlying note, so they do not comply with Ky. Rev. Stat. § 382.330. Moreover, there is nothing else on the face of the Mortgages from which one could discern the date of the notes.

The conclusion that an instrument that does not comply with Ky. Rev. Stat. § 382.330 is not recordable is consistent with the only Kentucky case found that construes the statute. *See Trio*, 360 S.W.2d at 749. In *Trio*, Kentucky's highest court determined that a county clerk properly refused to record a mortgage that did not comply with Ky. Rev. Stat. § 382.330. The mortgage in *Trio* purported to secure future advances on a line of credit, but did not reference any particular note or obligation since none existed when the mortgage was created.[1] *Id.* at 748. The *Trio* court recognized that the Kentucky legislature could define an unrecordable instrument and courts should apply the statute according to its plain meaning. *Id.* at 749. The court concluded regarding Ky. Rev. Stat. § 382.330: "The language here is that a mortgage which does not reveal the **date and maturity** of the obligation secured thereby is not a recordable instrument." *Id.* (emphasis supplied)

The Defendant argues that *Trio* only addressed the absence of a maturity date and that the lack of any Kentucky case construing Ky. Rev. Stat. § 382.330 to specifically require the date of an underlying debt obligation means that the statute must only require the inclusion of the maturity date. [*See* Doc. 29 at 4-6] Contrary to the Defendant's suggestion, the emphasized language in the conclusion from *Trio* found a problem with the absence of "the date and maturity of the obligations secured." *See supra*.

---

[1] Kentucky now has a recording statute dealing with line-of-credit mortgages on real estate that specifically excludes such mortgages from the reach of Ky. Rev. Stat. § 382.330. *See* KY. REV. STAT. § 382.385(6).

7

## 2. The Case Law That Addresses Ky. Rev. Stat. § 382.330 Does Not Alter the Analysis.

The only case found that addresses the precise issue raised in this case was an unreported decision that found in favor of a trustee. *See Johnson v. American Founders Bank, Inc. (In re Owens)*, Case No. 08-52032, Adv. No. 08-5104, 2009 WL 939568 (Bankr. E.D. Ky. Mar. 13, 2009). In *Owens*, as in this case, the trustee sought to avoid a mortgage because it omitted the date of the underlying debt obligation. The Court held that the absence of the note date violated Ky. Rev. Stat. § 382.330, which meant the mortgage was improperly recorded. *Id.* at *3-4. Therefore, the trustee could avoid the mortgage. *Id.*

The Defendant makes four interrelated arguments to avoid a similar holding in this case. First, the Defendant argues that "[u]nreported opinions are not precedent, and the opinions of one judge in the Eastern District are not binding on another judge of the same court." [Doc. 29 at 8] It is true precedential value of an unreported decision is sometimes limited, but it does not follow that such opinions are devoid of persuasive authority. This is especially true where, as here, the unreported decision is the only prior case on point.

Second, the Defendant cites five additional unreported decisions by this court construing Ky. Rev. Stat. § 382.330 that it claims reached contradictory results. This argument fails on a fair inspection of these cases.

Three of the five cases found a lack of compliance with Ky. Rev. Stat. § 382.330 based on the challenged mortgages' failure to include information regarding the maturity of the underlying debt obligations. *See Burden v. Branch Banking & Trust Co. (In re Potter)*, Case No. 07-70176, Adv. No. 07-7040, 2008 WL 619410 (Bankr. E.D. Ky. Mar. 5, 2008); *Gardner v. Green Tree Servicing, LLC (In re Bradley)*, Case No. 04-30622, Adv. No. 04-3030, 2005 Bankr. LEXIS 469 (Bankr. E.D. Ky. Mar. 24, 2005), *aff'd* Civil Action No. 05-25 (E.D. Ky. Oct. 5,

8

2005); and *Gardner v. Century Bank of Kentucky, Inc. (In re Dennis)*, Case No. 04-30307, Adv. No. 04-3022, 2004 Bankr. LEXIS 1469 (Bankr. E.D. Ky. Sept. 29, 2004) (quoted at length in *Owens*). These cases support this decision, as they found that the failure to address one of the two stand-alone requirements of Ky. Rev. Stat. § 382.330 was not included (*i.e.*, the maturity date), so the mortgages were not recordable. *See supra* at Section III.A.1.

The remaining two cases had unique facts that do not exist in this case. In *Johnson v. Peoples Bank & Trust Co. (In re Funk)*, Case No. 08-51386, Adv. No. 09-5017, 2009 WL 1424518, *1 (Bankr. E.D. Ky. May 21, 2009), the mortgage described the maturity of its underlying obligation as "9 months after this date." The Court determined the information allowed calculation of the maturity date so there was compliance with the statute. *Id.* In *Spradlin v. Stump (In re Charles)*, Case No. 04-70204, Adv. No. 04-7017, 2004 WL 3622641 (Bankr. E.D. Ky. Oct. 19, 2004), the mortgage listed a maturity date that was off by one monthly payment. The Court did not believe this error made the mortgage unrecordable pursuant to Ky. Rev. Stat. § 382.330. *Id.* at *3.

Considered together, these five decisions do not indicate confusion as urged by the Defendant. Rather they stand for the proposition that, subject to limited exceptions, an instrument that does not indicate the maturity of an underlying obligation does not comply with Ky. Rev. Stat. § 382.330. Therefore, these cases support the decision in *Owens* and in this case.

The Defendant's third point is that the decision in *Funk* implies that there is no statutory requirement that a mortgage provide the date of its underlying obligation. *See Funk*, 2009 WL 142518 at *1. *Funk* involved a mortgage that described the maturity by stating "the debt secured hereby shall be fully payable and matured 9 months after this date." The court found this complied with Ky. Rev. Stat. § 382.330 because the specified date was obvious and the end date

9

easily calculated. *Id*. If the maturity date is easily calculated, "the date of the promissory note is also easily determined to be January 23, 2006."[2] *Id.* Unlike in *Funk*, there is nothing in the Mortgages here that allows determination of the note date.

The fourth argument points to three decisions from the Western District of Kentucky bankruptcy court that found compliance with Ky. Rev. Stat. § 382.330. Like the five cases discussed in the second argument, these cases are distinguishable because they are based on unique facts. The decision in *In re Taylor*, 18 B.R. 128 (Bankr. W.D. Ky. 1982), relied on by this Court in *Funk*, stands for the proposition that a mortgage complies with Ky. Rev. Stat. § 382.330 if a maturity date is calculable from the information provided in the instrument.

The remaining Western District bankruptcy cases involved facially valid instruments that included both a note date and a maturity date, albeit with errors. In *Citizens Fidelity Bank & Trust Co. v. Blieden (In re Blieden)*, 49 B.R. 386 (Bankr. W.D. Ky. 1985), the court approved a mortgage that secured eleven notes, but only listed information for one note. Likewise in *Flener v. Monticello Banking Co. (In re Estes)*, 429 B.R. 872, 875 (Bankr. W.D. Ky. 2010), the court found sufficient compliance with Ky. Rev. Stat. § 382.330 even though the note and maturity information was inaccurate.

Ultimately, there is no precedential authority that undermines the result compelled by the plain language of Ky. Rev. Stat. § 382.330, which requires the inclusion of both the date and maturity of the debt obligation underlying a mortgage. The Mortgages lacked the date of the underlying obligation, or any information that would have allowed parties to determine that date. Therefore, the Jessamine County Clerk should not have recorded the Mortgages.

---

[2] The Defendant is likely relying on the sentence immediately before this quote that provides: "The Trustee also complains that the mortgage does not state the date of the note secured by the mortgage, but she provides no statutory requirement for the date of the promissory note." As the quoted language makes clear, the mortgage did include information regarding the note date, so this decision and the related language does not represent contrary authority or affect this decision.

### B.  The Filing of an Unrecordable Mortgage Does Not Provide Constructive Notice to the Trustee.

The Jessamine County Clerk did accept the Mortgages for recording, despite the lack of compliance with Ky. Rev. Stat. § 382.330.  The Defendant argues that the Mortgages therefore are sufficient to provide notice to the Trustee as either a hypothetical lien creditor or bona fide purchaser.  The Trustee is a party without actual knowledge of the lien.  *See* 11 U.S.C. § 544(a) (a trustee in bankruptcy is afforded the status of a hypothetical lien creditor or bona fide purchaser, "without regard to any knowledge of the trustee or of any creditor.").  Therefore, the only concern is whether the improperly recorded Mortgages would still put the Trustee on constructive notice of their existence.

Kentucky courts have long recognized that constructive notice does not arise with respect to instruments that are not authorized by law for recording but are nevertheless legally acknowledged and filed of record.  *See Branaman v. Black Tam Mining Co.*, 446 S.W.2d 573, 575 (Ky. 1969) ("Since it appears that certain 'trust receipts' held by appellants were not recordable instruments, the attempted recording was not constructive notice to other creditors ... ."); *Sutcliffe Co. v. Babb's Adm'r*, 299 S.W.2d 117 (Ky. 1957) ("[The title bond] was . . . not a recordable instrument, and could not, therefore, operate to give constructive notice of the purchase to third parties."); *Eubanks v. Wilson*, 252 Ky. 110, 66 S.W.2d 65, 66 (1933) (a written agreement between four realtors to divide profits from the resale of property was not legally recordable as a "contract for the sale of land" so as to provide constructive notice to subsequent purchasers); *Vallandingham v. Johnson*, 85 Ky. 288, 3 S.W. 173 (1887) (holding that an infant's bond promising to convey a deed to real property was "not a recordable instrument, and could not, therefore, operate to give constructive notice of the purchase to third parties.").

11

The Kentucky Supreme Court reiterated this basic rule in *State Street Bank & Trust Co. of Boston v. Heck's, Inc.*, 963 S.W.2d 626, 630 (Ky. 1998), holding that a defectively acknowledged mortgage could not serve as constructive notice upon subsequent parties. The recordation of the Mortgages cannot, therefore, provide constructive notice of the Defendant's interests to the Trustee given their status as unrecordable instruments. As one Kentucky District Court observed: "Were this Court to allow the recordation of an unrecordable instrument to provide constructive or inquiry notice, the effect would be to remove the technical requirements of mortgages and leave subsequent creditors liable for the mistakes of those before them." *Thacker v. United Cos. Lending Corp. (In re Thacker)*, 256 B.R. 724, 730 (W.D. Ky. 2000).

The only case that addressed the lack of the note date in the mortgage concluded that the document was not recordable pursuant to Ky. Rev. Stat. § 382.330. *See* the discussion of *Owens*, *supra* at Section III.A.2. The bankruptcy court also found in favor of the trustee because the improperly recorded mortgage did not provide third parties with constructive notice. *Owens,* 2009 WL 939568, at *4. Also, the cases from the Eastern District of Kentucky bankruptcy court that reached the same conclusion as *Owens* when the maturity date was missing each determined that the trustee was not charged with constructive notice. *See Potter*, 2008 WL 619410, at *2; *Bradley*, 2005 Bankr. LEXIS 469, at *3-4; and *Dennis*, 2004 Bankr. LEXIS 1469, at *3-4.

Support for this decision is also found in a recent change to another Kentucky recording statute, Ky. Rev. Stat. § 382.270. Several cases found problems with mortgage acknowledgements in recorded documents and determined they did not provide constructive notice to a bankruptcy trustee. *See, e.g., Rogan v. Am.'s Wholesale Lender (In re Vance)*, 99 F. App'x 25, 2004 WL 771484 (6th Cir. 2004). In 2006, the Kentucky legislature amended Ky. Rev. Stat. § 382.270 to provide that an improperly acknowledged mortgage that was nonetheless

12

filed of record would provide constructive notice of its contents. *See* FINANCIAL SERVICES—MORTGAGES, 2006 Kentucky Laws Ch. 183, sec. 16, § 382.270 (SB 45). A similar change might address the issue for the Defendant, but nothing of that nature is in Ky. Rev. Stat. § 382.330.

**IV.    Conclusion.**

The plain language of Ky. Rev. Stat. § 382.330 requires the date of the underlying obligation in a recordable mortgage. The Mortgages omitted this information or any information that would allow calculation of such date. Further, Kentucky law has long held that a bankruptcy trustee acting as a hypothetical lien creditor or bona fide purchaser is not charged with constructive notice of a mortgage that was not recordable pursuant to Kentucky statutes. Therefore, the Trustee has a valid argument and the Court will enter an order that DENIES the Defendant's Motion for Judgment on the Pleadings.

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
Dated: Tuesday, September 09, 2014
(grs)